The next case called is No. 122187, People v. Easton, Agenda No. 2. Counsel, are you ready? You may proceed. Good morning, Your Honors. May it please the Court, I'm Assistant Attorney General Brian McLeish on behalf of the people. So the ultimate issue here is whether counsel's certificate complied with Rule 604D. But first, the Court must decide which version of Rule 604D governs that question. And the answer is straightforward. Based on Hunter, the question is, was there a clear expression of temporal reach in the Rule 604D amendment? There was not. So then the Court looks at the statute on the statutes. It is a procedural amendment, so it governs retroactively, in the sense that it governs even if the offense was committed before the amendment, but it only governs proceedings thereafter, proceedings after the amendment. And here, counsel had filed the Rule 604D certificate, and most importantly, she had filed a notice of appeal, thereby depriving the trial court of jurisdiction and eliminating her possibility to amend the Rule 604D certificate. So there were no proceedings after the amendment to be governed by the amendment, and therefore the original rule in place at the time that the notice of appeal was filed is the rule that governs. Could you address the effect of the case itself to Signore? In that case, the Court said, this is what these terms mean, and this is what counsel must do, and that case was decided nine months before these events took place here, before the rule was changed, but certainly a long time after this court held, this is what the rule means, this is what counsel must do. Yes, Your Honor, and I think it's important to separate out the two things that you said, which you did, which is, first the Court said, this is what the rule means, and then the Court said, this is what counsel must do. So counsel must certify that she consulted with the defendant to ascertain any contentions there, whether they be in the sentence or the guilty plea. And the way the Court got there was by purporting to interpret Rule 604D as it was written. So the Court's statement was that these words mean that counsel has certified, or when these words mean that counsel must certify, she has done everything, she has ascertained anything. And there's every reason to believe that counsel here, with the benefit to Signore, when she copied the words of the rule, meant exactly what Toussignant said those words meant. This Court could have amended the rule, struck out the order, written it in hand, but it elected not to do that. Instead it said, these are what these words mean. This means that counsel must, you know, get any contentions there, be it in the sentence or the guilty plea, and when counsel so certified, she was complying with Toussignant and she was complying with the rule as written. Counsel, but in this case, though, since the amendment is procedural, and it would only apply to these proceedings thereafter, because the proceedings already were completed. She wouldn't have been able to amend anything. Correct. By the time that the rule was formally amended, she wouldn't have been able to amend anything, but she filed the certificate after Toussignant. So Toussignant was not an amendment. We agree. And we agree that once the rule was amended, I believe it was in December 2015, and then again amended in March 2016, counsel couldn't do anything there. And so there was no, she complied with the rule as written, and once the rule was formally amended, that certificate was not governed by those amendments. So yes, I agree. And so I think the only way to reach defendant's outcome here is to say that the Toussignant court actually amended the rule, even though it, by all appearances, did not. It didn't purport to amend the rule. It purported to interpret the rule. And certainly amendment was on the table. The concurrence suggested amending the rule. The people briefed amending the rule, and the court did not amend the rule. It says this is what the rule means, this is what counsel should have done in Toussignant, because that's what the rule says, and that's what the rule says that counsel must do going forward, and that is exactly what counsel did here. So unless there are further questions, we ask that this court reverse the judgment of the appellate court. Thank you. Counsel? Thank you, please, the court. My name is Andrew Smith, and I represent Jordan Easton, the appellee in this case. This court can affirm the appellate court decision without addressing the retroactivity issue, and that is because the trial counsel 604D certificate did not comply with the old rule as interpreted under Toussignant. On this issue, the state's argument is essentially the same as it was in Toussignant. Once again, it asks this court to adopt a literal reading of 604D that in practice will undermine the purpose of 604D. As Toussignant held, we need to adopt the interpretation that furthers the interpretation of 604D. 604D's purpose is to ensure to the trial court that trial counsel has consulted with the defendant about all possible bases at the trial level concerning his guilty plea, which included any problems with the sentence and problems with the guilty plea. If or is used, a trial court cannot be assured this occurred. A trial court could think that the trial counsel meant or in the disjunctive, the commonly used way that it is, in which case only one, either the sentence was consulted or the guilty plea. So this would not ensure that all bases were recovered with the trial court or any reviewing court later on. Counsel, Toussignant was decided many months before the certificate of notice of appeal was final in this case, right? Correct. So how do you address the state's argument that or means and for the purpose of the rule according to Toussignant, so perhaps it could be said that when the state used or, it also meant and, knowing what the holding was of Toussignant. As you stated in your concurrence, Justice Thomas, that would be assuming compliance, and that's the whole purpose of 604D is that we don't have to assume compliance. If we're assuming that when they used or that they actually meant and, then what is the point of having a 604D certificate? The certificate is there to ensure compliance so that the trial court or any reviewing court does not have to assume any compliance. But Toussignant also expressly said that you need to use and. It did not say, it did not qualify this directly. It didn't say but or would suffice. It said you must certify using the word and. It also did not say, the issue with Toussignant is not what you need to do. It's not whether you, that you need to consult about the sentence and the guilty plea. The issue was you need to certify that you did both, and you need to certify that by using the word and. So Toussignant is fairly clear on that point. Further, this issue is fairly, there's not much conflict at the lower courts, second district. In Moneau, held differently, but other than that, the fourth, the third, and have all held that you need to use and. Now that courts have been applying this retroactively, the first and the second have also stated that you need to use and. Although Toussignant resolves this issue, the opposing counsel brought up how you should not apply the school retroactively. And I'd like to make some points on that. The defendant agrees that the statute of statutes is the doctrine that we need to look at. Because, under statute of statutes, because the rule is procedural, it must be applied retroactively. Hunter did add an exception to this rule. It said you don't apply the rule retroactively if it would go against the intent. It could not possibly be the intent of the writers that this rule be applied retroactively. But that is the opposite case here. It was explicitly the intent of this court when they amended it to require and to be used. So that would be furthering the intent of your court by applying it retroactively. This is also known as curative legislation. It is one of the exceptions that the opposing counsel's right-line rule does not take into consideration. It says under no exceptions, if a rule should never be applied retroactively to a prior event without exception. And there are several times when that is important. One is curative legislation. It would also lead to some very odd results. Let's say that a court event violates a pre-amendment rule but complies with the amended rule. Under the state's position, the court would have to remand the case back to apply the pre-amendment rule even though the legislature or this court said that that pre-amendment rule was not how we want to go forward. So for example, in Enright-Pronger, the Supreme Court said that Summons did not comply with the old procedural rule but complied with the new rule, with the amended rule. The Supreme Court did not remand the case because it complied with the amended rule. But under the state's right-line rule, the Supreme Court would be required to remand the case to comply with the rule that the legislature said we no longer want to follow. So the idea that this is simple and sensible is not really true. It is simple, but in all cases, it is not sensible. If this court has no further questions, we ask that you affirm the appellate court's decision and remand Mr. Eden's case. The Proc. 64-25 can be filed in due post-plea motion. Thank you. Thank you. Are we fine? Yes, Your Honors. The most important thing here is that Hunter was not an exception to the statute on statutes. Hunter was a straightforward application of the statute on statutes. Yes, the procedural rule applies retroactively, again, in the sense that if the crime was committed before the amendment or even if the indictment was filed before the amendment, that's fine. It still applies retroactively in that sense. But there must be proceedings thereafter to be governed. That's what Hunter says, and it drew that language from the statute on statutes. Hunter was a straightforward application of the statute on statutes. It wasn't a narrow exception. That's the rule. And adding all of these, you know, was it a policy change or was it just a clarification, goes back to the old way in which this court has repeatedly distanced itself from. And there's no need for it here. In fact, there are two problems with it. One, the only reason that, you know, policy change distinction comes into play in defendant's favor is if the rule is the same as it was before. It's just a clarification. So if that's the case, then there's no need for all of this mess. Just apply the rule as it was before. And second, defendant ignores the fact that here there was an intervening amendment to the rule. So the December 2015 amendment made there wasn't a requirement on counsel to file a certificate under that amendment. It was a brief lapse, and there was a hole in the rule amendment that said, you know, in the case of the withdrawal of a guilty plea, then counsel must file the certificate. It didn't say anything about when there was a motion to reconsider a sentence. So I don't think counsel actually wants that rule. So Hunter, statute on statutes, that's this court's jurisprudence, and it should stay with it. Looking to the certificate and the rule as it was written then, yes, it is true that this court cannot be 100 percent certain that counsel, you know, followed Toussignant and followed the rule. That is unknowable. However, there's no reason to believe she didn't either. And that risk, whatever it is, we think it's small, was known at the time Toussignant was issued, and it was known when the court elected not to amend the rule but instead interpreted the rule, explained that, you know, yes, you must certify that you consulted about both of these things. And how do we know that? Well, it says so in this language. This means you have to consult about both of these things. So when counsel writes down in that language, she's saying, I consulted about both of these things. If it's when this court said it, it meant both, then when counsel said it, it means both. And that's not a possibility. That logically follows. If, you know, if you want to posit the possibility that counsel misread Toussignant or misread the rule after Toussignant, then that's possible in any situation. So most importantly, Hunter, not an exception, followed the statute of statutes. And secondly, followed Toussignant. Toussignant said what the rule meant when counsel filed her certificate, and there's no reason to think that she did anything other than what Toussignant said. Thank you, Your Honor. Thank you. Case number 122187, People v. Easton, will be taken under advisement as agenda number two. Mr. McLeish, Mr. Smith, we thank you for your arguments. You are excused at this time.